IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LaRICO WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 5:15cv156 |
| JAMES CALFEE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff LaRico Williams, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants in his lawsuit, Plaintiff initially named Warden Jeffrey Calfee, Captain Bobby Bergt, and Lt. Tony Rusk, all of whim are TDCJ officials at the Telford Unit, but his amended complaint named only Warden Calfee.

Plaintiff filed this lawsuit complaining of a strip search to which he was subjected. On October 5, 2015, he was ordered to pay an initial partial filing fee of $1.23, pursuant to 28 U.S.C. §1915(b). When he did not comply, a Report was issued on December 9, 2015, recommending dismissal of the lawsuit for failure to prosecute or obey an order of the Court. Plaintiff filed objections to this Report on December 17, 2015, stating his account was "frozen," but he offered no documentation of this assertion. The inmate trust account data sheet filed by Plaintiff with his application for leave to proceed *in forma pauperis* showed Plaintiff did not have a hold on his account.

1

Plaintiff's objections also included a request for a 30-day extension of time in which to pay the initial partial filing fee or show good cause for his failure to do so. Since that time, Plaintiff has filed a motion for appointment of counsel which the Court denied, but has not paid the fee or shown good cause for the failure to do so despite the passage of almost four months. The Magistrate Judge correctly determined Plaintiff failed to prosecute his case.

Laying aside Plaintiff's failure to properly prosecute his case, the Court notes Plaintiff's pleadings fail to allege the deprivation of a constitutional right. In his amended complaint, filed October 21, 2015, Plaintiff states on April 17, 2005, he was strip searched in front of a female officer named Brigance, who is not listed as a defendant. He named only Warden Calfee as a defendant, explaining "it was organized and the order was given by him."

In his original complaint, Plaintiff states on April 17, at about 2:45 p.m., in front of the B side commissary, he was subjected to a strip search under the auspices of Warden Calfee, Captain Bobby Bergt, and Lt. Tony Rusk. A trainee ordered Plaintiff to "bend over and spread 'em." This was done in public and in the presence of Officer Brigance.

Plaintiff's Step Two grievance, attached to his complaint, asserted "we were stripped out by male officers." He complained the search was "unconstitutional, unnecessary, and absolutely humiliating." Officer Brigance was supposed to be stationed behind a gate to observe if any contraband was thrown across the fence, but she had left her post and was standing in front of the commissary door. Once the search was completed, Plaintiff grabbed his clothes and other belongings and asked Brigance "why was this type search necessary?" She replied "boy, get your stuff and go." Plaintiff believed the use of the term "boy" was racist and replied to Brigance by saying "you are already in violation."

The Fifth Circuit has stated while prisoners possess a constitutional right to bodily privacy, this right is "minimal at best." Tuft v. Texas, 410 F.App'x 770, 2011 U.S. App. LEXIS 434 (5th Cir., January 7, 2011), *citing* Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002). As such, prisoners

lose "those rights that are necessarily sacrificed to legitimate penological needs." Tufts, 410 F.App'x at *5, *citing* Elliott v. Lynn, 38 F.3d 188, 191 (5th Cir. 1994).

No constitutional violation occurs when naked male inmates are viewed by female guards if the presence of the female guards is required to protect a legitimate government interest such as maintaining security at a facility. Oliver, 276 F.3d at 746 (5th Cir. 2002); Barnett v. Collins, 940 F.2d 1530 (5th Cir., July 31, 1991) (referred to in Oliver as "unpublished but precedential"). No case has held the incidental viewing of naked male inmates by female officers who are in the vicinity of a strip search is unconstitutional. *See also* West v. Parker, 68 F.3d 446. 1995 WL 581496 (5th Cir., August 23, 1995) (female officer given "unrestricted access" to male inmates' dormitory, an open room with shower, urinal, and commodes in plain view; inmate did not show guard's presence was unnecessary to maintain security and so there was no basis for a constitutional claim); Petty v. Johnson, 193 F.3d 518, 1999 U.S. App. LEXIS 22626 (5th Cir., August 25, 1999) (citing Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992), in rejecting challenge to a policy of allowing female guards to be present when male inmates are showering or otherwise naked).

By contrast, a situation in which a female officer carries out strip searches of male offenders herself, despite the fact male officers were present and could have done so, potentially states a constitutional claim where no emergency circumstances exist justifying the strip search. Moore v. Carwell, 168 F.3d 234, 237 (5th Cir. 1999).

Plaintiff does not allege Officer Brigance conducted the strip search herself; on the contrary, Plaintiff's grievance makes clear "we were stripped out by male officers." The mere fact Brigance was in the vicinity did not render the search unconstitutional or unlawful. *See also* Tasby v. Lynaugh, 123 F.App'x 614, 615, 2005 U.S. App. LEXIS 2973 (February 18, 2005) (strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional); McCreary v. Richardson, 738 F.3d 651, 658-59 (5th Cir. 2013).

3

A claim for relief under 42 U.S.C. §1983 must contain two elements: (1) the plaintiff has been deprived of a right secured by the Constitution or laws of the United States, and (2) the defendant acted under color of state law. Kovacic v. Villareal, 628 F.3d 209, 213 (5th Cir. 2010), *cert. denied*, 131 S.Ct. 2995 (2011). Plaintiff's pleadings do not show the deprivation of a right secured by the Constitution or laws of the United States. As such, his claim may be dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (claim is frivolous where it lacks an arguable basis in law or fact); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 176 L.Ed.2d 929 (2007) (complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above a speculative level).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Additionally, the Court has considered the merits of Plaintiff's claims. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court, along with the discussion of the merits of Plaintiff's claims contained herein. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted, and for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 15th day of April, 2016.**

                                    *Robert W Schroeder III*
                                    ROBERT W. SCHROEDER III
                                    UNITED STATES DISTRICT JUDGE